LAND AUTHORITY OF PUERTO RICO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1177. Submitted November 29, 1945.—Decided December 19, 1945.

482

*Antonio Riera* for appellant.

Mr. Justice de Jesús delivered the opinion of the court.

By deed No. 20 of April 4, 1944, before Notary Francisco A. Arrillaga, the Land Authority purchased from Rodríguez Hevia & Co., a partnership, three properties situated in the ward of Juan Asencio, Aguas Buenas, which are described in the deed under letters "a," "b," "c," respectively. Since the property described under letter "a" is encumbered by a mortgage for $700 as principal and $100 as interest in favor of the firm of Sucesores de San Miguel Hermanos, the latter appeared in the deed represented by its managing partner, Manuel San Miguel, and after stating that the debtor Rodríguez Hevia & Co. had paid the principal and interest of said mortgage, acknowledged receipt and consented to the cancellation of said mortgage in the registry of property.

Since the three properties sold are adjacent to each other, the purchaser, Land Authority of Puerto Rico, consolidated them into one property by the same deed. Having the Land Authority presented a survey certificate issued by the engineers, who had surveyed the consolidated property after serving notice on the adjacent owners, and it appearing therefrom that the area had an excess of 4.731 acres (*cuerdas*), it sought the correction in the registry of property of said area. Since the property described under letter "b" had been formed by the aggregation of other properties, and as one of the latter was recordedd only as to its possession, since Sep-

484

tember 22, 1882, the conversion of the possessory title into a dominion title was sought through the same deed. Lastly, the Land Authority requested that upon the recording of the properties so joined, two notices of attachment—one of April 2, 1909, and the other of April 29, 1913, the terms of which had never been extended by judicial order—be canceled.

For the purpose of recording said deed No. 20 executed before Notary Francisco A. Arrillaga, the Land Authority presented the following complementary documents:

1. Deed No. 20 of cancellation, sale, consolidation, conversion and correction of defects, executed on April 4, 1944, before Notary Francisco A. Arrillaga.

2. Survey Certificate issued by Juan R. Dávila, engineer of Dávila & Llenza, authenticated by affidavit No. 2810 of April 25, 1944, before Notary Francisco A. Arrillaga.

3. Explanatory deed No. 9, executed on August 3, 1945, before Notary Antonio Riera.

4. Judgment rendered on January 21, 1944, by the District Court of Caguas in civil case No. R–127 on petition to cure defects.

5. Certificate issued by the Registrar of Property of San Juan, Second Section, on June 19, 1945, with respect to the correct name under which the firm "Rodríguez Hevia & Compañía en Comandita" is recorded in the Mercantile Registry.

6. Explanatory deed, No. 70, executed on April 25, 1945, before Notary Enrique Márquez Huertas.

7. Deed No. 104 on xtension of the commercial partnership "Rodríguez Hevia & Compañía en Comandita," executed on June 30, 1932, before Notary Enriquez Márquez Huertas.

8. Deed No. 70 on explanation of acts and contracts of the firm "Rodríguez Hevia & Compañía en Comandita," executed on July 12, 1933, before Notary Enrique Márquez Huertas.

9. Deed No. 81 on extension of the commercial partnership "Rodríguez Hevia & Compañía en Comandita," executed on June 29, 1936, before Notary Enrique Márquez Huertas.

10. Certificate issued on June 8, 1944, by the Registrar of Property of San Juan, Second Section, in connection with the registration of the partnership "Sucesores de San Miguel Hermanos en Comandita," its term, present number of partners, and authority and power of the latter.

11. Certificate issued on June 16, 1944, by Notary Enrique Márquez Huertas in regard to the authority and powers of the commercial partnership "Sucesores de San Miguel Hermanos en Comandita" and of its managing partners.

12. Certificate issued on February 2, 1945, by Notary Enrique Márquez Huertas in connection with the authority and powers of the commercial partnership "Sucesores de San Miguel Hermanos en Comandita" and of its managing partners.

Upon deed No. 20 being presented in the Registry of Property of Caguas, the registrar refused to record it as to the various entries sought therein, and entered a cautionary notice on the following grounds:

"Record is hereby denied of the cancellation of mortgage in favor of Rodríguez Hevia y Compañía executed by the firm of Sucesores de San Miguel Hermanos and contained in this document, on the margin of the first inscription of property No. 1478, at folio 228 of Volume 41 of Aguas Buenas, because from the document presented it appears that the firm of Sucesores de San Miguel Hermanos en Comandita, constituted by deed No. 80 of June 16, 1917, before Notary Enrique Márquez Huertas, has been the subject of varios extensions, conveyances, and modifications by the partners until the firm was constituted for an indefinite period, without the corresponding deeds of transfer having been presented to the registrar to be duly examined in order to determine the validity of said contracts and the capacity of the parties thereto, according to the provisions of § 18 of the Mortgage Law. A cautionary notice is entered for the statutory period in favor of the partnership Rodríguez Hevia & Co.; _____AND

"RECORDING OF THE SALE IS DENIED as to properties (A), (B), and (C) in favor of the Puerto Rico Land Authority, at folios 229 reverse, 77, and 191, reverse, of Volumes 41, 43, and 51 of Aguas Buenas, properties Nos. 1478, 1046, and 1859, entries (A), (A), and (A), and a cautionary notice is hereby entered for the statutory

period of 120 days, because said properties appear recorded in the name of the partnership Rodríguez Hevia & Co., which partnership, according to deed No. 70 executed in Bayamón on April 25 of the present year before Notary Enrique Márquez Huertas, and the certificate issued by the Registrar of Property of San Juan, Second Section, has not been registered in said registry under said name but under the firm name of Rodríguez Hevia & Co. en Comandita, in whose favor said properties should be recorded, pursuant to the provisions of § 20 of the Mortgage Law; it further appearing that the partnership Rodríguez Hevia y Compañía en Comandita, constituted by deed No. 93 of June 28, 1917, executed before the same notary, was constituted for a term of 4 years which expired on June 28, 1921, and it also appearing that said partnership has been subject to various extensions, modifications, and assignment of shares in the partnership, until it was constituted for and indefinite period, without the corresponding deeds of such transactions having been presented to the registrar to be properly passed upon in order to determine the validity of said contracts and the capacity of the parties, according to the provisions of § 18 of the Mortgage Law
————————AND

"RECORD IS DENIED as to the consolidation, conversion of posssession into dominion, and cancellation of attachment of Agustín Nusa, at folio 2 of Volume 53 of Aguas Buenas, property No. 1894, entry (A) and notice on the margin of said entry, a cautionary notice being entered instead for the statutory period in favor of the Puerto Rico Land Authority, because the consolidated properties appear recorded in the name of the partnership Rodríguez Hevia & Co., and with a cautionary notice in favor of the Puerto Rico Land Authority. The first refusal, as to entry of cancellation of mortgage, is made with the CURABLE DEFECT of failure to establish the capacity and power attributed to Don Ramón Cobián Rodríguez, to appear in said deed No. 80, in representation and as agent of José Manuel Cobián, Don Genaro San Miguel y Sierra and his wife María de los Remedios Cobián y Rodríguez, Don Evaristo San Miguel y Sierra and his wife Milagros Cobián Rodríguez, and Doña Josefa Sánchez Ortiz; the second REFUSAL, as to the sale of property, is entered with the CURABLE defects of failure to establish by an authentic document the appointment of Mr. José Acosta Velarde as Executive Director of the Puerto Rico Land Authority, or to establish the status of agent under which Don Marcelino San Miguel appears

for Don Valentín Rodríguez de la Granda in deed No. 81 of June 29, 1946, before Notary Enrique Márquez Huertas; and_____The third REFUSAL, as to the consolidation OF THE PROPERTIES, conversion of possession into ownership, and cancellation of attachment is entered with the curable defect of failure to establish by an authentic document the appointment of Mr. Acosta Velarde as Executive Director of the Land Authority. Caguas, September 24, 1945. (Sgd.) R. Cintrón Lastra.—Acting Registrar.''

The Puerto Rico Land Authority was served with a copy of the above decision on September 29, 1945, and on October 11 it again presented the documents copied above, adding thereto the following complementary documents:

a. A certificate issued by the Secretary of the Puerto Rico Land Authority on October 9, 1945, setting forth the date on which Don José Acosta Velarde assumed the duties of the office of Executive Director of that agency.

b. Deed No. 93 of the constitution of the commercial partnership ''Rodríguez Hevia & Compañía en Comandita,'' executed on June 28, 1917, before Notary Enrique Márquez Huertas.

c. Certificate issued by the Registrar of San Juan, Second Section, on October 9, 1945, with reference to the registration of the commercial partnership ''Rodríguez Hevia & Compañía en Comandita,'' setting forth certain particulars as to the constitution and duration of the firm, names of its present members, and their authority and powers.

d. Deed No. 80 relating to the constitution of the commercial partnership ''Sucesores de San Miguel Hermanos en Comandita,'' executed on June 16, 1917, before Notary Enrique Márquez Huertas.

e. A verbatim certified copy of the first and sixteenth entries (the latter being the last one) pertaining to the commercial partnership ''Sucesores de San Miguel Hermanos en Comandita,'' issued on October 9, 1945, by the Registrar of Property of San Juan, Second Section.

f. An abstract certificate of the contents of the second to the fiifteenth entries, inclusive, pertaining to the commercial partnership ''Sucesores de San Miguel Hermanos en Comandita,'' issued on October 11, 1945, by the Registrar of Property of San Juan, Second Section.

On November 13th last the registrar returned deed No. 20 and the complementary documents with a note which reads thus:

"The preceding document, which is a certified copy of deed No. 20, executed in San Juan on April 4, 1944, before Notary Francisco A. Arrillaga, is hereby RETURNED together with the other complementary documents, NO ACTION HAVING BEEN TAKEN THEREON, because it is the opinion of this registrar of property, that while the statutory period for which the cautionary notice was entered on September 24 of the present year is still in force, the defects stated therein MAY BE CURED and, therefore, a second entry SHOULD NOT BE MADE IN THIS CASE, according to the decision of the Supreme Court of Puerto Rico in *Barreras* v. *Registrar*, 15 P.R.R. 542."

The first question raised by the registrar which we will consider presently, it being a jurisdictional question, is that this court lacks jurisdiction to take cognizance of the present appeal because when the deed was returned on November 13th last, the registrar made no entry whatsoever in the registry. In support of his contention he cites *Mollfulleda* v. *Registrar*, 19 D.P.R. 950, and *González* v. *Registrar*, 19 P.R.R. 1011.

Let us examine the cases cited by the registrar. In *González* v. *Registrar, supra,* the deed was presented for recordation on August 14, 1913, and on the 20th of that same month the registrar returned it to the interested party with the following note:

"This document is returned together with the stamps, no action having been taken thereon because it does not appear that the one-dollar internal revenue stamp required by law has been canceled on the original document."

This court held that the appellant should apply to the registrar again to pass upon the instrument in a proper way in order to render an appealable decision.

In *Mollfulleda* v. *Registrar, supra,* the facts were substantially identical to those in the *González* case. In the former an application was presented in the registry of property on

May 19, 1910, seeking the cancellation of a certain cautionary notice, and the registrar confined himself to returning it to the interested party on July 8, 1913, without making any entry whatsoever.

If the reasoning of the registrar were accepted, the result would be that in many cases the parties seeking the registration of instruments would be prevented from trying to cure the defects noted, for they would be running the risk that if the registrar did not feel satisfied with the correction of the defects, he would merely return the document to them, without making any entry whatsoever, thereby precluding this court from reviewing his decision.

To this effect we stated in *People* v. *Registrar,* 64 P.R.R. 125, 129, the following:

"The failure of the registrar to expressly state in his decision that he denied the recording of the cancellation of the encumbrances, when in point of fact he denied it, does not deprive the appellant of his right to have the action of the registrar reviewed in an administrative appeal. Were the contention of the respondent upheld, the right to take and administrative appeal from a registrar's decision would be at the mercy of the registrar himself."

The registrar contends that the Land Authority consented to the notes of September 24 by failing to take an appeal therefrom and that, consequently, no appeal should be taken from said notes.

The circumstance that the appellant attempted to cure the defects pointed out by the registrar, for which purpose, as we have seen, it presented for a second time additional complementary documents, does not mean that the appellant waived its right to appeal to this court from the refusal of the registrar to cure the defects notwithstanding the additional documents presented.

In the case at bar the appellant, as we have seen, presented deed No. 20 in the registry, and the registrar refused to record the transactions contained in the deed, stated three grounds of refusal, and entered cautionary notices for 120 days.

The decision was served on the appellant on September 29, 1945, and 10 days afterward, that is, on October 11, the appellant presented again the deed together with additional documents in order to cure the defects. The registrar then returned the documents with a note setting forth that in his opinion he could not enter a second cautionary notice because he had already entered one on September 24 last. The deed and the additional documents were presented for a second time before the expiration of the statutory period for appeal to the Supreme Court from the previous decision. Consequently, said period should be considered as interrupted from the time the additional documents were resubmitted, and the new term for appeal to the Supreme Court should begin to run from November 16. 1945, when appellant was notified of the second decision. Since the Land Authority appealed to this court on November 20, that is, four days after being notified of the second decisión, the appal was taken within the statutory term of 20 days.

Let us now pass on the merits of the appeal.

The primary defect which is the source of other of lesser importance consists in having omitted the words "*en Comandita*" at the end of the name of the vendor. The question boils down to this:

By deed No. 93 of June 28, 1917, before Notary Enrique Márquez Huertas, the firm Rodríguez Hevia & Co. en Comandita was constituted, and it is with this firm name that it appears in the Mercantile Registry. Subsequently, this firm bought, among others, the three properties which it now sells to the Puerto Rico Land Authority, and when drafting the deed of sale executed before Notary Enrique Márquez Huertas (deed No. 112 of July 31, 1936), the notary erroneously omitted the words "*en Comandita*" which form part of the firm name of said partnership. Upon presenting deed No. 112 in the registry the error was continued, for the properties were then recorded in favor of Rodríguez Hevia & Co. instead

of Rodríguez Hevia & Co. en Comandita.[1] Since the properties were recorded in the name of "Rodríguez Hevia & Co.," when the Puerto Rico Land Authority purchased them, Notary Francisco A. Arrillaga. led by the entry made in the registry, upon drafting the deed of sale No. 20 of April 4, 1944, likewise erroneously omitted the words *"en Comandita"*[2] from the firm name of the vendor.

The complementary documents presented to the registrar further show that there is no other firm having the name "Rodríguez Hevia & Co."

The error of designation having been corrected by the aforesaid explanatory deed No. 70, executed by the interested parties, that is, the one who sold the properties to Rodríguez Hevia & Co. en Comandita and the latter represented by its managing partner, Valentín Rodríguez Granda, there is no legal impediment whatsoever for the registrar to cure in the registry said error flowing from the deed.[3] To this effect Morell says:

"Entries in the registry are based on the title or document presented for recordation. The title may be incorrect as to some circumstance of more or less importance or as to some conception, and evidently the mistake will then pass on to the registry which will not reveal the truth. Nevertheless, if the recordation made conforms to the title, the entry has been faithfully made. The registrar in such a case commits no error and no rectification can

---

[1] The error of the notary was cured by Explanatory Deed No 17, executed before Notary Enrique Márquez Huertas.

[2] The error in said deed was cured by Explanatory Deed No. 9 of Agust 3, 1945, before Notary Antonio Riera.

[3] Although it appears from the certificate of the Mercantile Registry, that when the deed of articles of partnership of the firm Rodríguez Hevia & Co. en Comandita was extended on June 29, 1936, the term of the partnership had already expired, this circumstance, notwithstanding §223 of the Code of Commerce, does not prejudice the title of the Puerto Rico Land Authority, for, as stated in the decision of the Supreme Court of Spain of December 6, 1887 (62 *J. C.* 620), "even though a mercantile partnership has had no legal capacity, the acts and contracts performed by the partners under said capacity are valid as to third persons (*terceros*) with whom they have contracted." See also the decision of that same court of January 10, 1882. Cf. *Sucrs. de C. Díaz* v. *Cianchini, ante,* p. 307.

be demanded of him. It was so established in the order of January 10, 1900, and the decision of June 7, 1861. *The interested parties, independently of the registrar, may execute a new document setting forth the truth of the facts, the error committed by them or by the notary or the autrorizing officer, or the real scope of the agreement or of the right granted.* And if the interested parties do not reach an agreement, any one of them may resort to a court which shall decide the proper procedure as to the correction sought." 4 Morell, *Legislación Hipotecaria*, p. 662. (Italics ours.)

It also appears from the complementary documents, especially from those marked in this opinion with the letters "d" and "f"—the former is the deed of constitution of the firm Successors de San Miguel Hermanos en Comandita, and the latter is a certificate of the Mercantile Registry which discloses all the vicisitudes of said partnership—that the managing partner Don Manuel San Miguel who appeared for said partnership in the deed had sufficient authority to execute in its name the cancellation of the mortgage. Hence, the registrar should not have refused the cancellation on the grounds stated in his decision.

The error committed by the registrar in refusing to record the properties in the name of the Land Authority having being cured in view of the additional complementary documents, he erred in refusing to convert into an entry the cautionary notice of the sale, entered on September 24, 1945.

■ The defect of failing to prove that Mr. José Acosta Velarde was Executive Director of the Puerto Rico Land Authority was cured by the sworn certificate issued by the Secretary of the Puerto Rico Land Authority which was presented as a complementary document.

■ The Puerto Rico Land Authority being the owner of the properties purchased by deed No. 20 of April 4, 1944, executed before Notary Francisco A. Arrillaga, and these three properties being adjacent to each other, the Land Authority was entitled to consolidate them, and the excess of area being less than 20 per cent of the recorded total area of

the joined properties, the consolidation should be recorded with the correction of the area. *Land Authority* v. *Registrar*, 62 P.R.R. 483.

Since one of the properties formed by the consolidation, that is, the property described under letter "b," was recorded only as to its possession, which entry of possession was made on September 22, 1882, and the Puerto Rico Land Authority having applied for the conversion of the possessory title into a dominion title, the registrar should have made the conversion in pursuance of § 395A of the Mortgage Law.

The same thing happens with respect to the cancellation of the attachments levied on April 2, 1900, and April 29, 1913. inasmuch as it does not appear from the registry that the terms of said attachments had been extended by judicial authority.[4]

For the reasons stated the decisions appealed from of September 24 and November 13, 1945, must be reversed and the registrar ordered to cure the defects noted, recording the three properties "a," "b," and "c" and the consolidation thereof in favor of the Puerto Rico Land Authority in conformity with the principles stated in this opinion.